

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2007

# Handono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4994

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Handono v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1316.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1316

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4994

———

VICTOR HANDONO,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

———

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A79-735-083
Immigration Judge: R. K. Malloy

———

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2007

———

Before: RENDELL, BARRY and CHAGARES, Circuit Judges

(Opinion Filed: April 12, 2007)

———

OPINION

———

BARRY, Circuit Judge

        Victor Handono, a native and citizen of Indonesia, petitions for review of an order

of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ")

denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Handono argues that the IJ erred in not granting him asylum or withholding of removal because he suffered past persecution in Indonesia and has a well-founded fear of future persecution if he returns. We will deny the petition for review.

Handono recites a number of incidents that occurred in Indonesia many years ago which suggest hostility at least then on the part of the majority Muslim population against the minority of ethnic Chinese Christians. Handono testified that Muslim students made insulting remarks about his religious beliefs when he was in elementary school, causing him to transfer to a Catholic high school. At age 11, in 1994, native Indonesian children broke his arm and stole his bicycle. Handono received substandard care at the hospital after the doctor examined native Indonesian patients before treating his arm. Later, native Indonesians looted his parents' business, assaulted his father, and threw stones at his parents' house.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Where, as here, the BIA adopts the opinion of the IJ, we review the decision of the IJ. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). Our standard of review is extremely deferential; we must uphold the IJ's findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992), and we may not reject them "unless any reasonable adjudicator would be compelled to

2

conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Under this standard, substantial evidence supports the IJ's conclusion that Handono did not establish past persecution or a well-founded fear of future persecution.

Handono has made no allegation of government-sponsored persecution, and no evidence exists of a pattern or practice of persecution at this time against individuals of Chinese descent in Indonesia. See Lie v. Ashcroft, 396 F.3d 530, 537-38 (3d Cir. 2005). Furthermore, the State Department has reported that the Indonesian "Constitution provides for freedom of religion for members of officially recognized religions [including Christianity] . . . and the Government generally respects this right in practice . . . ." United States Department of State, International Religious Freedom Report (2001). The reasonableness of Handono's fear of persecution is further undercut by the fact that he chose to remain in Indonesia until June 2001, despite receiving a visa and passport to the United States in November 2000. Without a closer nexus between Handono's ethnicity and/or religion and the long-ago incidents of insult, assault, and theft that Handono describes, such discrimination does not rise to the level of persecution. See 8 U.S.C. § 1101(a)(42)(A) (refugee status turns on a showing of past persecution suffered on account of race, religion, nationality, membership in a particular social group, or political opinion or a well-founded fear of such future persecution); Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir. 2004) (a showing of past persecution must include proof that "the government or forces the government is either unable or unwilling to control" perpetrated

the harm).

The petition for review will be denied.